## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

NAOMI WILLIAMS,                    :

    Plaintiff,                    :

vs.                                :    CA 08-0506-WS-C

LE CREWE DE SPANIARDS,             :
et al.,
                                   :
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the complaint (Doc. 1), the motion to dismiss or, in the alternative, to quash filed by the Department of Alabama Veterans of Foreign Wars of the United States (Doc. 30), plaintiff's response in opposition (Doc. 32), and the movant's reply (Doc. 37). Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **GRANT** the motion to dismiss filed by the Department of Alabama Veterans of Foreign Wars of the United States.

## FINDINGS OF FACT

1.    Plaintiff filed suit in this Court on August 28, 2008 against Le

Crewe de Spaniards, the Veterans of Foreign Wars, Gaston-Lee Post 5660, and numerous fictitious parties, alleging violations of Title II of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as well as asserting a state-law outrage claim against the defendants. (*See* Doc. 1)

### Title II Violations

9. Defendant, Le Crewe, through its actions, or the actions of its employees or agents, have implemented a policy and practice of denying to non-white individuals, on account of these individuals' race, color and/or national origin, including but not limited to African-Americans, the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages, and accommodations, on the same basis as they make them available to white persons.

10. Defendant, VFW, through its own actions, or the actions of its employees or agents, have implemented a policy and practice of denying to non-white individuals, on account of these individuals' race, color and/or national origin, the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages, and accommodations, on the same basis as they make them available to white persons.

11. The conduct of Defendants described in Paragraphs 11 and 12 constitute a pattern or practice of resistance to the full and equal enjoyment by non-white individuals, on account of these individuals' race, color and/or national origin, of rights secured by 42 U.S.C. § 2000a, *et seq.*, and the pattern or practice is of such a nature and is intended to deny the full exercise of such rights. Unless restrained by Order of this Court, Defendant[s] will continue to refuse to provide these non-white individuals with the full and equal enjoyment of rights secured to them by 42 U.S.C. § 2000a, *et seq.*

>    12. On or about May 31, 2008, Le Crew[e] held an event at the VFW open to the public to which Le Crew[e] sold tickets. Upon entering the VFW, the Plaintiff, in the presence of two fellow coworkers, was told by Defendants John Doe 1 and/or John Doe 2, "No Blacks Allowed" and refused admission. Plaintiff was shocked, embarrassed, hurt and humiliated as were the two friends she was with, all in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq*.
>
>    13. Plaintiff was told by Defendants John Doe 1 and/or John Doe 2, "This is nothing against you; it is just your color. We don't accept black people at our parties. We would not go to the Knights of Columbus and they would not come here. That is the way it is. I am sorry. It is not about you. It is just your color." [This constitutes a] violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq.*
>
>    **42 U.S.C. §1981 VIOLATIONS**
>
>    . . .
>
>    15. 42 U.S.C. § 1981 provides "All persons . . . shall have the same right in every State . . . to make and enforce contracts . . . and to the full and equal benefit of all laws . . . as is enjoyed by white citizens . . . ."
>
>    16. Defendants denied Plaintiff the right to enter a contract to attend an event open to the public based on the fact that she is not a "white citizen".
>
>    17. Defendants' conduct caused actual damage to the Plaintiff and Plaintiff demands actual damages, compensatory damages and punitive damages in an amount to be determined by a jury.

(*Id*. at ¶¶ 9-13 & 15-17(internal citation omitted))

2.	The body of the complaint describes the parties defendant in the following manner:

>	4.	Defendant Le Crewe De Spaniards . . . is an Alabama corporation. Defendant, Le Crewe, located in Spanish Fort, Al[abama,] operates in the Southern District of Alabama, Southern Division.
>
>	5.	Veterans of Foreign Wars of the United States d/b/a Veterans of Foreign Wars, Gaston-Lee Post Number 5660 . . . is an Alabama corporation. Defendant, VFW, located at 950 Nichols Avenue, Fairhope, AL, 36532 operates in the Southern District of Alabama[,] Southern Division.

(Doc. 1, at ¶¶ 4-5) No fictitious parties defendant are described in the body of the complaint other than two individual defendants identified as "John Doe 1 and/or John Doe 2." (Doc. 1, at ¶¶ 12-13)

3.	The style of the case identifies as a defendant the Veterans of Foreign Wars of the United States, Post Number 5660, and indicates that this defendant may be served in care of James Allgood, Veterans of Foreign Wars of the United States, 1231 Carmichael Way, Montgomery, AL 36106. (Doc. 1, at 1) The style of the case also names as defendants the aforementioned John Doe 1 and John Doe 2 and adds at the end "X, Y, Z being those persons not named herein, whose names are not presently known, but who will be added by amendment when ascertained[.]" (*Id.*)

4.	The Clerk's Office issued summons as to Le Crewe de Spaniards

4

and the Veterans of Foreign Wars of the United States, Post Number 5660 on September 3, 2008. (Doc. 4) On September 19, 2008, the Clerk's Office received a facsimile advising that the agent identified for service of process for the VFW, Post 5660, that is, James Allgood, was deceased. (Doc. 5)

5.  On October 10, 2008, this Court entered an order dismissing all claims plaintiff asserted against fictitious defendants "**without prejudice** to the plaintiff's ability to file an amended complaint asserting claims against additional named defendants." (Doc. 16)[1] The Court specifically recognized in that order that plaintiff had filed a complaint against "two named defendants and several fictitious defendants." (Doc. 16)

6.  On October 30, 2008, plaintiff filed notice of alias summons directed to John Hancock, in care of the Veterans of Foreign Wars of the United States, 1231 Carmichael Way, Montgomery, AL 36106. (Doc. 21) This alias summons was signed by the Clerk of Court that same date. (Doc. 22) The docket sheet reflects that the summons was issued as to the Veterans of Foreign Wars of the United States, Post Number 5660. (*Id*., Docket Sheet)

---

[1] As recognized in this order, federal courts do not allow fictitious party practice. *See, e.g., New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 & 1097 (11thCir. 1997) (finding that district court did not err in striking fictitious parties); *Murphy v. Southern Energy Homes, Inc.,* 2008 WL 652902, *1 n.1 (M.D. Ala. 2008) ("Federal courts do not allow fictitious party practice."); *Hall v. Infirmary Health System,* 2007 WL 772560, *1 n.1 (S.D. Ala. 2007) ("Fictitious party pleading is not generally permitted in federal court.").

7.      In plaintiff's November 19, 2008 motion for an enlargement of time it is specifically represented that the named defendants are Le Crewe de Spaniards and the Veterans of Foreign Wars of the United States, Post Number 5660. (Doc. 23, ¶ 1)

8.      On December 2, 2008, the Department of Alabama Veterans of Foreign Wars of the United States filed a motion to dismiss or, in the alternative, to quash the summons served on it, on the basis that it is not a named defendant.[2] Attached to the motion are the Articles of Incorporation for the named defendant, Veterans of Foreign Wars of the United States, Post Number 5660 (*id.*, Exhibit A), the Articles of Incorporation for the Department of Alabama, Veterans of Foreign Wars of the United States (*id.*, Exhibit B), and the declaration of John Hancock (*id.*, Exhibit C).

> My name is John Hancock. I am employed by the Department of Alabama Veterans of Foreign Wars of the United States (the "Department"). The Department's current address is 1231 Carmichael Way, Montgomery, Alabama, 36106. I am not a representative or authorized agent of Gaston-Lee Post No. 5660, Veterans of Foreign Wars of the United States, Incorporated. Post No. 5660 is a separate entity.

(*Id.*)

9.      Plaintiff's response to this motion reads, in relevant part, as

---

[2]     The moving party cites to Rule 12(b)(5) of the Federal Rules of Civil Procedure which provides that a party may assert by motion the defense of insufficient service of process.

follows:

  3. The Complaint names "and X,Y, Z being those persons not named herein, whose names are not presently known, but who will be added by amendment when ascertained . . . " and prays for the following relief: "Require Defendants, their employees, agents, members and successors, and all other persons in active concert or participation with any of them, to take such affirmative steps as may be necessary to remedy the past unlawful conduct."

.   .   .

  6. The Veterans of Foreign Wars of the United States is registered to do business in the State of Alabama and has been since at least 1976. Its Registered Agent is John Hancock. There are approximately 88 Veterans [of] Foreign Wars of the United States entities registered to do business in the State of Alabama.

  7. John Hancock, a member of Post 3550, Veterans [of] Foreign Wars of the United States, located in Eight Mile, Alabama, is the Quartermaster of the Alabama Department of the Veterans [of] Foreign Wars of the United States. It would not be an exaggeration to say the job of the Quartermaster in the VFW is the most powerful job in the organization. It is beyond cavil that Mr. Hancock's declaration is designed to mislead. As Quartermaster of the Alabama Department, Mr. Hancock is responsible for the compliance of Gaston-Lee Post 5660 and is their agent in dealings with the National.

  8. Attorney William Scully has notified me that he is representing Gaston-Lee Post 5660 and that they had been served. He further asked that I forbear in filing a motion for default until certain insurance matters could be clarified. I have agreed to do so.

  9. Plaintiff asserts that Defendant, the Alabama Department of the Veterans [of] Foreign Wars of the United

> States, has been properly served in compliance with the Federal Rules of Civil Procedure and that the VFW has been properly named as a defendant.

(Doc. 32, ¶¶ 3 & 6-9 (internal citations omitted))

10. In reply, the Department of Alabama Veterans of Foreign Wars of the United States simply reiterates that it is not a named defendant and that the complaint contains no allegations directed against the Department. (Doc. 37)

## CONCLUSIONS OF LAW

1. While the Department of Alabama Veterans of Foreign Wars of the United States has moved to dismiss or, alternatively, to quash, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, without identifying a particular defect in service, *see McDaniel v. Smith*, 2008 WL 4425305, *8 (S.D. Ga. 2008) ("Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss a complaint based on insufficient service of process, which is an objection to the manner or method of service. A defendant may object to service of process under Rule 12(b)(5) on the grounds that service was untimely."), it is clear to the undersigned that the real crux of the motion is the contention by the Department that it is not a named defendant and the complaint asserts no claim against it.

2.     The only two named defendants in this case, as conceded by plaintiff as recently as November 19, 2008, are Le Crewe de Spaniards and the Veterans of Foreign Wars of the United States, Post Number 5660. (*See* Doc. 23, ¶ 1; *cf.* Doc. 16 ("The plaintiff has filed a complaint against two named defendants[.]")) Plaintiff's invitation to this Court to find that the Department of Alabama Veterans of Foreign Wars of the United States is a properly-named defendant, on the basis that the complaint names as defendants "'X,Y,Z being those persons not named herein, whose names are not presently known, but who will be added by amendment when ascertained[,]'" (*compare* Doc. 32, ¶ 9 *with id.*, ¶ 3), need be rejected because of this Court's October 10, 2008 dismissal of all claims asserted by plaintiff against fictitious defendants "**without prejudice** to the plaintiff's ability to file an amended complaint asserting claims against additional named defendants." (Doc. 16)

3.     Because the Department of Alabama Veterans of Foreign Wars of the United States is not a named defendant, and the Court has heretofore disallowed fictitious party practice,[3] the moving party's motion to dismiss or,

---

[3] Plaintiff is placed on notice that the only two named and actual defendants in this case are Le Crewe de Spaniards and the Veterans of Foreign Wars of the United States, Post Number 5660, even though plaintiff has purportedly "served" the complaint on an Elmer A. Powell, Jr. (*See* Docs. 13 & 14) Powell is not a named defendant in the complaint and, therefore, Judge Steele's order of October 10, 2008 disallowing fictitious party practice served as a dismissal of all claims against him. (*See* Doc. 16) Plaintiff, of course, may amend her complaint

in the alternative, to quash (Doc. 30) is due to be granted without prejudice to plaintiff's ability to file an amended complaint asserting claims against the Department.

## CONCLUSION

In light of the foregoing, it is recommended that the motion to dismiss or, in the alternative, to quash filed by the Department of Alabama Veterans of Foreign Wars of the United States (Doc. 30) be **GRANTED**.

**DONE** and **ORDERED** this the 6th day of January, 2009.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

and assert claims against additional named defendants. (*Id.*)

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                  s/WILLIAM E. CASSADY
                                                  UNITED STATES MAGISTRATE JUDGE