IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NAOMI WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0506-WS-C |
| | ) |
| **LE CREWE DE SPANIARDS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the motion of defendant The Veterans of Foreign Wars of the United States, Post Number 5660 ("VFW") for summary judgment. (Doc. 57).[1] The parties have submitted briefs and/or evidentiary materials in support of their respective positions, (Docs. 57, 65-67), and the motion is ripe for resolution.

The complaint alleges that the defendant Le Crewe de Spaniards ("the Crewe") held an event at the VFW's hall which was open to the public. When the plaintiff, apparently an African-American, attempted to gain admission to the event, she was refused admission by an unidentified person and was told, "We don't accept black people at our parties." The complaint asserts claims under Title II of the Civil Rights Act of 1964 and Section 1981 as well as a claim for outrage under Alabama law.

The basis of VFW's motion is the plaintiff's lack of evidence that the unidentified individual who refused her admission had any relationship with VFW that could give rise

---

[1]This defendant is so named in the style of the complaint. (Doc. 1 at 1). The body of the complaint calls this defendant, "Veterans of Foreign Wars of the United States d/b/a Veterans of Foreign Wars, Gaston-Lee Post Number 5660." (*Id*. at 2, ¶ 5). The defendant in its answer identified itself consistently with the style of the complaint, (Doc. 45 at 1), but it now identifies itself as "Gaston Lee VFW Post 5660." (Doc. 57 at 1). Until and unless the complaint is amended, the name of this defendant will remain as alleged therein. The Court expects the parties to agree on the defendant's proper name.

to liability by VFW. (Doc. 67 at 1). It relies for this proposition on affidavits from a VFW member who rented the VFW hall on behalf of the Crewe; the VFW bar manager; and the VFW post commander. The plaintiff responds that each of these witnesses has an interest in the outcome of the litigation, that she intends to depose them to test their stories, that she has not yet done so, that she intends to conduct additional discovery concerning the individual who denied her admission and his relation to the defendants, and that the discovery deadline does not expire until December 2009. The plaintiff invokes Rule 56(f) for the proposition that VFW's motion is premature.

"Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f). While the plaintiff filed no affidavit and Rule 56(f) envisions one, "[i]n this Circuit a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f) ... in order to invoke the protection of that Rule." *Snook v. Trust Co. of Georgia*, 859 F.2d 865, 871 (11th Cir. 1988). A written representation by counsel is sufficient, *id.*, and the plaintiff has provided just that.

"The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997). The Eleventh Circuit in *Jones* ruled that the district court abused its discretion by granting summary judgment before the plaintiff was allowed to take the depositions, within the discovery period, of the witnesses whose affidavits formed the basis of the motion for summary judgment. *Id.* at 250-51, 253. This Court would find itself in the same situation were it to grant summary judgment under the circumstances presented. Moreover, "[t]he parties' comparative access to the witnesses or material relevant to the

disposition of the Rule 56(f) motion is a particularly salient factor for the trial court to consider in exercising its discretion." *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 (5th Cir. 1980).  Here, one witness is employed by VFW, another is its post commander, and the third is a member of VFW and also of the co-defendant Crewe, and the plaintiff's access to these witnesses patently is not equivalent to that of VFW.

"Whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." *Harbert International, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).  The plaintiff has demonstrated her need for the discovery, and VFW has identified no burden on it of allowing such discovery.  The balancing thus favors the plaintiff.

VFW acknowledges that "summary judgment should not normally be granted until discovery has been completed." (Doc. 67 at 3).  It argues, however, that the plaintiff has failed to "show that there is a reasonable likelihood that discovery will lead to evidentiary support for her position." (*Id*.).  VFW cites no authority for the proposition that such a likelihood of success is required.  While *Harbert* (uncited by VFW) indicates that a motion under Rule 56(f) should "se[t] forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment,"157 F.3d at 1280, this appears less a representation that discovery probably will be successful than an explanation of how discovery could be successful.  Certainly the plaintiff's discovery plan holds reasonable promise of eliciting favorable information concerning the identity of the individual who denied her admission and his link, if any, with the defendants.

VFW also suggests the complaint was filed in violation of Rule 11(b).  (Doc. 67 at 3-4).  This is a serious allegation and one VFW should consider carefully before pursuing.  At any rate, the argument was not made until the reply brief, and this Court, like others nationwide, ordinarily does not consider arguments so tardily raised.  *Waddell v. Holiday*

*Isle, LLC*, 2009 WL 2413668 at *4 & n.5 (S.D. Ala. 2009) (collecting cases).  Because VFW offers no reason to depart from this rule, its Rule 11 argument will not be considered.[2]

For the reasons set forth above, VFW's motion for summary judgment is **denied**, without prejudice to VFW's ability to file a second such motion at an appropriate time.

DONE and ORDERED this 20th day of October, 2009.

>   s/ WILLIAM H. STEELE
>   UNITED STATES DISTRICT JUDGE

---

[2] To the uncertain extent the reply brief suggests the complaint violates Rule 8, that argument likewise comes too late to be considered on motion for summary judgment.