# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NAOMI WILLIAMS,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION 08-0506-WS-C |
| **LE CREWE DE SPANIARDS, et al.,** | ) |
| **Defendants.** | ) |

## ORDER

In April 2009, the Rule 16(b) scheduling order advised the parties that the final pretrial conference would be held on April 6, 2010. (Doc. 53 at 3, ¶ 8). The scheduling order, in language capitalized, boldfaced and underlined, stated that "a copy of the standing order governing final pretrial conferences is attached. No additional notices regarding the final pretrial conference will be necessary." (*Id.*). The standing order is in fact attached to the scheduling order. (*Id.*, Attachment).

The attached standing order provides in pertinent part as follows:

- "Counsel shall confer and shall jointly prepare a single Joint Pretrial Document in the form attached, which must be filed with the Clerk of Court at least seven (7) calendar days before the Final Pretrial Conference." (Doc. 53, Attachment at 1, ¶ 1).

- "Participation at the Final Pretrial Conference is mandatory. At least one attorney of record for each party ... must be physically present at the conference, unless alternative arrangements are made and approved by the Court in advance." (*Id.*, ¶ 2).

- "Failure to comply with the provisions of this Order or to attend the Final Pretrial Conference may result in the following sanctions pursuant to Fed.R. Civ. P. 16(f): (a) dismissal of the action for failure to prosecute ...." (*Id.* at

5, ¶ 6).

In July 2009, the final pretrial conference was rescheduled for April 20 at 10:00. (Doc. 64). No subsequent changes to the date or time of the conference have occurred.

The joint pretrial document was due April 13, 2010. As of this date, no such document has been filed. Neither the plaintiff nor the defendants appeared for the long-scheduled final pretrial conference this date. The plaintiff has had no contact with the Court since advising the Magistrate Judge in December 2009 that she and one defendant had reached a tentative settlement. (Doc. 70). In particular, the plaintiff sought no relief from the explicit orders of the Court governing the final pretrial conference and preparation therefor.

"On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to appear at a scheduling or other pretrial conference [or] fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Pursuant to Rule 37(b)(2)(A)(v), a court may enter an order "dismissing the action or proceeding, in whole or in part ...."

Moreover, "[i]f the plaintiff fails to prosecute or to comply with ... a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although no defendant has sought dismissal, "a court may sua sponte dismiss a case with prejudice under Rule 41(b) ...." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980); *cf. Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (suggesting that inherent authority, rather than Rule 41(b), sustains sua sponte dismissals for failure to prosecute).

"The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); *accord Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The severe sanction of dismissal with prejudice ... can be imposed only in the face of a clear

record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association*, 62 F.3d 1356, 1366 (11th Cir. 1995)(internal quotes omitted). Conduct justifying dismissal under Rule 41(b) also justifies dismissal under Rule 16(f). *Goforth*, 766 F.2d at 1535.

The record necessary to support dismissal for failure to prosecute is present here. The plaintiff has known of the pretrial setting since July 2009, and she has known of her obligation to file a pretrial document and attend the pretrial conference since April 2009. Indeed, from other federal litigation before this Court in which they have been involved, the Court judicially knows that plaintiff's counsel are well aware of these obligations. From the orders quoted above if not otherwise, the plaintiff knew that she faced dismissal of her lawsuit should she ignore her obligations. Nevertheless, the plaintiff did not submit a pretrial document, did not attend the final pretrial conference, and did not seek relief from these known obligations. *Cf. Goforth*, 766 F.2d at 1535 (dismissal appropriate where the plaintiff, through counsel, failed to submit a required preliminary statement, failed to appear at a scheduled pretrial conference, and failed to appear ready for trial).[1]

The history recounted above establishes a clear record of delay and willful contempt and fully supports the Court's finding that a lesser sanction would not suffice. For the reasons set forth above, this action is **dismissed with prejudice**.

DONE and ORDERED this 20th day of April, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Given the prior notice of a tentative settlement with one defendant, and the failure of that defendant to file a pretrial document, attend the pretrial conference or contact the Court, and given that the other defendant is an unincorporated, uncooperative minor mystic society unrepresented by counsel, it is likely that the plaintiff reached a settlement with the first defendant and declined pursuit of the second. This would explain the plaintiff's silence but not excuse it.