IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NAOMI WILLIAMS, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION 08-0506-WS-C
)
LE CREWE DE SPANIARDS, et al., )
)
    Defendants. )

**ORDER**

In April 2009, the Rule 16(b) scheduling order advised the parties that the final pretrial conference would be held on April 6, 2010. (Doc. 53 at 3, ¶ 8). The scheduling order, in language capitalized, boldfaced and underlined, stated that "a copy of the standing order governing final pretrial conferences is attached. No additional notices regarding the final pretrial conference will be necessary." (*Id.*). The standing order is in fact attached to the scheduling order. (*Id.*, Attachment).

The attached standing order provides in pertinent part as follows:

- "Counsel shall confer and shall jointly prepare a single Joint Pretrial Document in the form attached, which must be filed with the Clerk of Court at least seven (7) calendar days before the Final Pretrial Conference." (Doc. 53, Attachment at 1, ¶ 1).

- "Participation at the Final Pretrial Conference is mandatory. At least one attorney of record for each party ... must be physically present at the conference, unless alternative arrangements are made and approved by the Court in advance." (*Id.*, ¶ 2).

- "Failure to comply with the provisions of this Order or to attend the Final Pretrial Conference may result in the following sanctions pursuant to Fed.R. Civ. P. 16(f): (a) dismissal of the action for failure to prosecute ...." (*Id.* at

5, ¶ 6).

In July 2009, the final pretrial conference was rescheduled for April 20 at 10:00. (Doc. 64). No subsequent changes to the date or time of the conference have occurred.

The joint pretrial document was due April 13, 2010. No such document was ever filed, and neither the plaintiff nor the defendants appeared for the long-scheduled final pretrial conference. The plaintiff sought no relief from the explicit orders of the Court governing the final pretrial conference and preparation therefor.

Based on this unflattering history, the Court dismissed the plaintiff's action with prejudice. (Doc. 76). The Court later granted the plaintiff's motion to reconsider, being persuaded that the plaintiff's omissions related above resulted from carelessness rather than design. (Doc. 78). The Court therein recited a litany of failures to prosecute by the plaintiff:

> In January 2009, the Court ordered the plaintiff to show cause why the action as to the VFW should not be dismissed without prejudice under Rule 4(m) due to the plaintiff's failure to serve process. (Doc. 43). In March 2009, the Magistrate Judge ordered the plaintiff to show cause why the action should not be dismissed without prejudice due to the plaintiff's failure to attend the Rule 16(b) scheduling conference. (Doc. 47). In April 2009, the Magistrate Judge ordered the parties to show cause why they should not be sanctioned for failing to file their Rule 26(f) report. (Doc. 51). In December 2009, the Magistrate Judge ordered the parties to show cause why they had not filed their joint settlement statement. (Doc. 69).

The Court concluded with a warning to the plaintiff:

> Judging by her motion to reconsider, the plaintiff appears chastened, but she is cautioned that further breaches of Court rules and orders will not be so easily excused.

After reinstating the action, the Court dismissed defendant VFW based on the plaintiff's advice she had settled her claim against this defendant. (Doc. 79). On June 2, 2010, the Court entered default against defendant Le Crewe de Spaniards ("Crewe") and set the case for a bench hearing to establish damages on the plaintiff's claims against

Crewe. (Doc. 82). The Court expressly warned the plaintiff as follows:

> Given the plaintiff's substantial history of inattention to this case, as discussed in previous orders, (Docs. 76, 78), she is warned that failure to appear at the hearing, or failure to appear fully prepared to proceed, will expose her claims against the Crewe to dismissal pursuant to Rule 41(b).

The hearing was set for July 6, 2010 at 2:00 p.m. (Doc. 82 at 2). Once again, the plaintiff failed to appear as ordered. Once again, the plaintiff did so without any notice to the Court. Once again, the plaintiff ignored both the Court's order and its explicit warning of potential consequences. The Court therefore once again considers the appropriate response to the plaintiff's continued failure to prosecute and continued failure to comply with court orders.

"If the plaintiff fails to prosecute or to comply with ... a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although no defendant has sought dismissal, "a court may sua sponte dismiss a case with prejudice under Rule 41(b) ...." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980); *cf. Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (suggesting that inherent authority, rather than Rule 41(b), sustains sua sponte dismissals for failure to prosecute).

"The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); *accord Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The severe sanction of dismissal with prejudice ... can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association*, 62 F.3d 1356, 1366 (11th Cir. 1995) (internal quotes omitted).

There is in this case a clear record of delay and contumacious conduct. As

reflected above, the plaintiff has failed at every possible point to pursue this litigation, and the Court has been required repeatedly to push her forward. In addition, the plaintiff has now twice without notice failed to attend Court settings, both in violation of explicit Court orders. She has done this with full awareness of the settings, of her obligation to attend, and of the potential consequences of her failure to do so. Neither repeated warnings nor a previous brush with dismissal have been sufficient to persuade the plaintiff to prosecute her case or to comply with Court orders, and the Court finds that no lesser sanction than dismissal would suffice. *Cf. Goforth*, 766 F.2d at 1535 (dismissal appropriate where the plaintiff, through counsel, failed to submit a required preliminary statement, failed to appear at a scheduled pretrial conference, and failed to appear ready for trial).

For the reasons set forth above, this action is **dismissed with prejudice** pursuant to Rule 41(b).

DONE and ORDERED this 6th day of July, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE